IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **PEGGY H. PHILLIPS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-192-TAV-HBG |
| | ) | |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | ) ) | |
| | ) | |
| Defendant. | ) | |

**AGREED PROTECTIVE ORDER**

The parties to this cause acknowledge that certain confidential and proprietary information may be produced during the course of discovery in this case. The parties further acknowledge that a need exists to enter a protective order pursuant to Federal Rule of Civil Procedure 26(c). In light of the agreement of the parties, as evidenced by the signatures of counsel below, for good cause, and upon consideration of the entire record in this case:

IT IS THERFORE ORDERED, ADJUGED and DECREED:

1. The following shall constitute "Confidential Information:"

(a) Information of Defendant that contains trade secrets, future business plans, market analysis, confidential research, development, commercial, or other proprietary information; and corporate and strategic planning information.

(b) Documents and/or information relating to any relationships or business agreements between Defendant and any third party consultants, experts, person(s) and/or entity.

(c) Any testimony regarding Confidential Information as defined in Paragraphs l(a)-(b).

(d) Those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits thereto, which contain or refer to the Confidential Information as defined in Paragraphs l(a)-(c).

2. The parties to this cause, regardless of who produces the documents or information, may indicate the confidential nature of a document or other information by marking each page that contains such information "CONFIDENTIAL." Information disclosed at the deposition of any witness may be designated by any party as "Confidential Information" by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Protective Order. Any party to this cause may also designate information obtained at such depositions as "Confidential Information" by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Protective Order. Any party to this cause may also designate information obtained at such depositions as "Confidential Information" by notifying all parties or their counsel in writing, within thirty (30) days of receipt of the transcript of the deposition. In designating information as "Confidential Information," the designating party will make such designation only as to information that the party, in good faith, believes contains "Confidential Information."

3. Confidential Information shall be used solely for the preparation, trial and/or settlement of this action, and shall not be communicated or used for any other purpose whatsoever except as compelled by court order.

4. Confidential information shall not be given, shown, made available, communicated, or disclosed to any person or entity other than:

(a) The outside counsel of record in this action and their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees of such outside counsel (collectively referred to as "outside counsel") and a party, if a person, or if a corporation,

its representative(s);

(b) Independent experts and consultants, and the employees of such experts and consultants who are assisting them, retained or consulted by counsel of record for any party for the purpose of assisting counsel in this action;

(c) Third party entities, and the employees of said third party entities, retained by the outside counsel to provide support services in this action;

(d) The Court and court employees, court reporters, stenographers, and videographers;

(e) The person who is the author or addressee of such document or thing, or copies thereof, or the designated representative of any corporation or other entity with whom such person or people are employed or otherwise affiliated; and

(f) Such other persons as hereafter may be designated by written agreement of all parties to this cause or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitted such disclosure. Nothing in this Order shall limit the receiving party's right to disclose Confidential Information during any deposition of any employee or agent of the producing party.

5. The fact that is designated as "Confidential Information" shall not be deemed to be determinative of what the Court may subsequently determine to be confidential. And, the fact that there is a confidential designation shall not be admissible as evidence during the trial of this action.

6. Those documents, deposition transcripts or other information identified by any party as "CONFIDENTIAL" and all copies thereof, shall be retained at the offices of counsel for the receiving party, and at the termination of this action, unless otherwise ordered by the Court,

either shall be returned to the producing party or shall be destroyed within 30 days of the termination of this action.

      7. If the receiving party disagrees with the producing party's designation of any document as "CONFIDENTIAL," the receiving party shall request in writing the producing party to redesignate such document, such request setting forth the specific documents at issue and the reasons the receiving party believes such document should be redesignated. If the producing party does not redesignate the document within five (5) business days after the receipt of the request to redesignate, the receiving party may then make a motion with the Court for the Court to order the redesignation of such documents. The producing party has the burden of demonstrating that the document is entitled to "CONFIDENTIAL" status.

      8. If through inadvertence, error or oversight, a party fails to properly designate a document, tangible thing or information as "CONFIDENTIAL" at the time of production or disclosure, that party shall promptly notify the receiving party of such error or oversight as soon as such error or oversight is discovered and shall specify in that notice the particular document(s), tangible thing(s) or information to be reclassified and shall specify the particular designation to be applied. Thereafter, the receiving party shall treat such document(s), tangible things) or information in the same manner as if it had been property designated or classified originally. The receiving party shall have ten (10) business days from the receipt of such notice of reclassification to object to such reclassification in writing. Upon such an objection being timely made, this Court shall determine whether or not such material can properly be reclassified. The producing party has the burden of demonstrating that the document is entitled to "CONFIDENTIAL" status. Until such a ruling is made by this Court, the receiving party shall treat such document(s), tangible thing(s) or information in the same manner as if it had been originally designated or classified as "CONFIDENTIAL."

9. By making information and documents designated as "Confidential Information" available for use in this action, neither Plaintiff nor Defendant have waived or compromised the confidentiality, protectability, or privilege of the information or documents.

10. Nothing in this Order shall:

(a) Limit a receiving party's use of documents and information that were not obtained through discovery in this action;

(b) Limit, expand or restrict any right of any party to resist or compel discovery with respect to materials that the party may claim to be privileged or otherwise not discoverable in this action, or the right of any party to seek additional protection pursuant to the Tennessee Rules of Civil Procedure; or

(c) Limit or restrict the right of any party to attach to or incorporate the content of any Confidential Information in any paper filed with the Court in this action or to show a deponent at a deposition in this action a document that has been designated "Confidential" pursuant to the provisions of this Order, subject to the provision and protections afforded by this Order.

11. This proposed Order shall be in effect upon execution by counsel for Plaintiff and counsel for Defendant. Plaintiff and Defendant agree to be bound by the terms of this proposed Order pending its adoption or supplementation by the Court.

Any party wishing to file confidential information with the Court must first move to have the information filed under seal in accordance with the procedure mandated by the local rules.

ENTERED this 12th day of July, 2016.

s/ Thomas A. Varlan
Thomas A. Varlan
Chief United States District Judge

APPROVED FOR ENTRY:

**PAINE | BICKERS, LLP**


/s/ Matthew J. Evans
Matthew J. Evans (BPR #017973)
900 South Gay Street, Suite 2200
Knoxville, Tennessee  37902-1821
(865) 525-0880 (phone)
(865) 521-7441 (fax)
*Counsel for State Farm Fire and Casualty Company*

**HODGES, DOUGHTY & CARSON, PLLC**


/s/ Joshua M. Ball
Joshua M. Ball (BPR #020626)
Mabern E. Wall BPR #031328)
617 Main Street
P.O. Box 869
Knoxville, Tennessee  37901-0869
(865) 292-2307 (phone)
(865) 292-2321 (fax)
*Attorneys for Plaintiff*

6